# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## MOBILE DIVISION

|  |  |  |
|---|---|---|
| **EVANSTON INSURANCE COMPANY,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:** 1:25-cv-242 |
| | ) | |
| **WATCH ME GROW CHILD DEVELOPMENT CENTER, INC. and TYESHIA JONES, as parent and next friend of B.L.,** | ) | |
| **Defendants** | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Evanston Insurance Company ("Evanston") brings this Complaint for Declaratory Judgment against Defendants Watch Me Grow Child Development Center, Inc. ("Watch Me Grow") and Tyeshia Jones, as parent and next friend of B.L. ("Jones") and alleges as follows:

### *STATEMENT OF THE CASE*

1.      Evanston brings this insurance coverage action to obtain a declaratory judgment finding it has no duty to defend or indemnify Watch Me Grow with respect to a lawsuit filed by Jones in the Circuit Court of Mobile County, Alabama and styled

1

*Tyeshia Jones, as parent and next friend of B.L., v. Watch Me Grow Child Development Center, Inc.*, Case No. CV-2024-901116 (the "Underlying Action").

### PARTIES

2.      Evanston is an Illinois corporation with its principal place of business in Illinois. Evanston is an unauthorized surplus lines insurance company in Alabama.

3.      Watch Me Grow is an Alabama corporation with its principal place of business in Mobile, Alabama.

4.      Jones is a resident and citizen of the State of Alabama and is over the age of 19. Jones is the custodial parent of B.L., a minor, who is also a resident and citizen of Alabama.

### JURISDICTION AND VENUE

5.      This action is brought pursuant to 28 U.S.C. § 2201 for a declaration of the rights and obligations of Evanston under a general liability insurance policy, Policy No. 3AA629389, issued by Evanston to Watch Me Grow for the policy period 12/18/2022 to 12/18/2023 (the "Policy"). *See* Exhibit A – The Policy.

6.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because Evanston's citizenship is different from the citizenship of each defendant and because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, as shown at paragraph 18, below.

7.      Venue is proper under 28 U.S.C. § 1391(b) because the Policy was issued to Watch Me Grow at its Mobile, Alabama, address and the events giving rise to the Underlying Action occurred in Mobile County, Alabama.

8.      An actual justiciable controversy exists between Evanston, on the one hand, and Watch Me Grow and Jones, on the other hand, concerning Evanston's coverage obligations to Watch Me Grow relative to the Underlying Action. Additionally, this Court is invested with the power to declare the rights and liabilities of the parties hereto and to grant such relief as it deems necessary and proper by the terms and provisions of Fed. R. Civ. 57 and 28 U.S.C. §§ 2201 and 2202.

### STATEMENT OF FACTS

9.      Evanston issued a general liability insurance policy, Policy No. 3AA629389, issued by Evanston to Watch Me Grow for the policy period 12/18/2022 to 12/18/2023 (the "Policy"). *See* Ex. A at p. 17.

10.     The Policy's Insuring Agreement provides:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

. . . .

**SECTION I - COVERAGES**

**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.  Insuring Agreement**

   **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit"

seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

    **b.** This insurance applies to "bodily injury" and "property damage" only if:

        **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    . . . .

Ex. A at p. 19.

    11.    The Policy is modified by the Exclusion - Aircraft, Auto or Watercraft

Endorsement, which excludes coverage for:

    **g.  Aircraft, Auto Or Watercraft**

        **(1)** "Bodily injury" or "property damage" arising out of any aircraft, "auto" or watercraft; or

        **(2)** "Bodily injury" or "property damage" arising out of the "loading or unloading" of any aircraft, "auto", or watercraft;

    Whether or not owned, maintained, used, rented, leased or borrowed by any insured and whether or not hired, contracted, loaned or entrusted to others by any insured.

    This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, contracting, screening, training or monitoring of others by any insured.

Ex. A at p. 56.

    12.    The Policy defines "Auto" to mean:

    **a.** A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or

    **b.** Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

4

Ex. A. at p. 31.

13.     The Policy has additional terms, conditions, and exclusions which may apply to the rights and obligations of the parties in connection with the Underlying Action and the full terms of the Policy are incorporated herein by reference.

14.     On May 2, 2024, Tyeshia Jones, as parent and next friend of B.L., filed a Complaint against Watch Me Grow in the Underlying Lawsuit. *See* Exhibit B – Complaint.

15.     Generally, the Underlying Lawsuit arises from an incident wherein Watch Me Grow employees allegedly left B.L. unattended in a van during a field trip. *Id.*

16.     More specifically, the Complaint alleges as follows:

### COUNT I
### NEGLIGENCE and/or WANTONNES

4.  On or about May 12, 2023, minor Plaintiff Bella Lampkin was in the care of Defendant Watch Me Daycare and being transported by the Defendant to participate in a field trip at Pump It Up located at 741 Hillcrest Road, Ste A, Mobile AL 36695. At all times material to this lawsuit, the minor Plaintiff was in the care, control, and custody of the Defendant Watch Me Daycare, who was responsible for the minor's supervision, safety, and well-being.

5.  During the course of the field trip, minor Plaintiff Bella was left alone in the Defendant Watch me Daycare's van. Plaintiff Bella was left in an unsupervised and unsafe condition until found by a bystander who located the Watch Me Daycare's staff. The Defendant Watch Me Daycare failed to maintain the minimum standards of care of the minor, and negligently and/or wantonly caused injury to Plaintiffs.

6.  As an actual and proximate consequence of Defendant's aforementioned negligence and/or wantonness, Plaintiff was caused to

suffer the following damages and injuries:

    a.  Past and future medical expenses;

    b.  Permanent injuries and/or disabilities;

    c.  Past and future pain, suffering, and mental anguish;

    d.  Past and future loss of enjoyment of life;

    e.  Lost earning capacity;

    f.  Others as proven.

. . . .

## COUNT II
## NEGLIGENCE HIRING/TRAINING/SUPERVISION

. . . .

8.  Defendant Watch Me Daycare hired, trained, and supervised the employee as a childcare worker.

9.  Said Employee lacked the requisite skill, care, and expertise to carry out the job duties of a childcare worker in a reasonable manner.

10. Defendant Watch Me Grow owes a duty to Plaintiff to hire competent employees, give proper training to their employees, and properly supervise their employees in a reasonable manner.

11. Defendant Watch Me Grow negligently and/or wantonly failed to hire competent employees, and failed to properly train and/or supervise their employees in a reasonable manner.

12. As an actual and proximate consequence of Defendant's aforementioned negligence and/or wantonness, Plaintiff was caused to suffer the damages and injuries in paragraph 6 above.

Ex. B at pp. 1-3.

17.    The Underlying Action proceeded to a jury trial on June 3, 2025.

18.    On June 4, 2025, the jury in the Underlying Action found in favor of

Jones and awarded a verdict against Watch Me Grow in the amount of $1,000,000,

which is comprised of $325,000 in compensatory damages and $675,000 in punitive

damages. Exhibit C – Jury Verdict Form. The Mobile County Circuit Court entered the judgment on June 9, 2025.

19.    Evanston disputes the Policy covers the jury award in the Underlying Action based on the Exclusion - Aircraft, Auto or Watercraft Endorsement.

## COUNT ONE
### EVANSTON HAS NO DUTY TO DEFEND OR INDEMNIFY WATCH ME GROW

20.    Evanston reasserts the allegations in the paragraphs 9-19 above.

21.    The Underlying Action alleges B.L. was left alone in Watch Me Grow's van and Watch Me Grow's negligence and/or wantonness caused B.L. to suffer injury.

22.    The Policy does not cover "bodily injury" or "property damage" arising out of any "auto." Ex. A at p. 56.

23.    The Policy's Exclusion – Aircraft, Auto or Watercraft Endorsement applies "even if the claims against [Watch Me Grow] allege negligence or other wrongdoing in the supervision, hiring, employment, contracting, screening, training or monitoring of others by any insured." *Id.*

24.    The Policy's Exclusion – Aircraft, Auto or Watercraft Endorsement precludes coverage for the Underlying Action and resulting judgment against Watch Me Grow because the facts and evidence from which it is based arise from the use of an "auto" as that term is defined by the Policy.

7

25.    Accordingly, Evanston seeks a declaration it owes no duty to defend Watch Me Grow in the Underlying Action and no duty to indemnify Watch Me Grow for resulting judgment.

## COUNT TWO
## EVANSTON HAS NO OBLIGATION TO JONES TO PAY OR SATISFY THE JUDGMENT

26.    Evanston reasserts the allegations in the paragraphs 9-19 above.

27.    Jones is a judgment creditor with respect to the jury's verdict and corresponding judgment entered against Watch Me Grow in the Underlying Action.

28.    The Underlying Action alleges B.L. was left alone in a Watch Me Grow's van and Watch Me Grow's negligence and/or wantonness caused B.L. to suffer injury.

29.    The Policy does not cover "bodily injury" or "property damage" arising out of any "auto." Ex. A at p. 56.

30.    The Policy's Exclusion – Aircraft, Auto or Watercraft Endorsement applies "even if the claims against [Watch Me Grow] allege negligence or other wrongdoing in the supervision, hiring, employment, contracting, screening, training or monitoring of others by any insured." *Id.*

31.    The Policy's Exclusion – Aircraft, Auto or Watercraft Endorsement precludes coverage for the Underlying Action and resulting judgment against Watch

Me Grow because the facts and evidence from which it is based arise from the use of an "auto" as that term is defined by the Policy.

32.     Accordingly, Evanston seeks a declaration it is not obligated to pay or satisfy the resulting judgment.

### *REQUEST FOR DECLARATIONS*

For the reasons identified above, Evanston respectfully requests this Court declare and adjudge the controversy as follows:

A.     Declare Evanston has no duty to duty to defend Watch Me Grow with respect to the Underlying Action.

B.     Declare Evanston has no duty to indemnify Watch Me Grow with respect to the Underlying Action and resulting judgment.

C.     Declare Evanston has no obligation to Jones to pay or satisfy the judgment in the Underlying Action.

D.     Grant any other relief to Evanston that the Court deems just and equitable under the circumstances.

RESPECTFULLY SUBMITTED,


Date: June 10, 2025                     /s/ Brandon J. Clapp
                                        F. Lane Finch, Jr. (ASB-0027-I58F)
                                        Brandon J. Clapp (ASB-3990-D82W)
                                        *Attorneys for Evanston Insurance Company*

9

**<u>OF COUNSEL:</u>**
**SWIFT, CURRIE, MCGHEE & HIERS, LLP**
1901 Sixth Ave. North, Suite 1100
Birmingham, AL 35203
T: (205) 314-2406
lane.finch@swiftcurrie.com
brandon.clapp@swiftcurrie.com


**PLAINTIFF REQUESTS DEFENDANTS BE SERVED**
**WITH THE SUMMONS AND COMPLAINT**
**BY CERTIFIED MAIL AT THE FOLLOWING ADDRESSES:**

**TYESHIA JONES, as parent and next friend of B.L.**
318 Parson Drive
Mobile, AL 36610

**WATCH ME GROW CHILD DEVELOPMENT CENTER, INC.**
c/o Hazel Gardner
6963 Gentilly Drive, North
Mobile, AL 36618


4905-5213-5244, v. 1